**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

KIEL GREEN; and
MELISSA GREEN                                                                  **PLAINTIFFS**

V.                                    **CASE NO. 5:24-CV-5040**

ATWOOD DISTRIBUTING, L.P.                                          **DEFENDANT**

<u>**OPINION AND ORDER**</u>

Now before the Court are Plaintiffs' Motion to Strike Defendant's Expert Witness Elizabeth Speck-Kern, Ph.D. (Doc. 58) and Plaintiffs' Motion to Strike Defendant's Expert Witness Irmo Marini, Ph.D. (Doc. 62). For the reasons stated herein, the Motions are **DENIED**.

Both Motions make arguments under Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1). Rule 26(a)(2)(B) sets forth the following disclosures that must be included in an expert's written report:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

And Rule 37(c)(1) provides that when a party fails to disclose as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion,

1

at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This Rule also permits alternative sanctions. Fed. R. Civ. P. 37(c)(1)(A)–(C).

"When a party fails to provide information" under Rule 26(a), "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Eighth Circuit has noted, "however, that the district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Id.*; *Academy Bank, N.A. v. AmGuard Ins. Co.*, 116 F.4th 768, 783 (8th Cir. 2024), *reh'g denied*, 2024 WL 4499662 (8th Cir. Oct. 16, 2024). And "the exclusion of evidence is a harsh penalty and should be used sparingly." *Wegener*, 527 F.3d at 692; *Academy Bank*, 116 F.4th at 783. Before imposing a Rule 37(c)(1) sanction,

> a district court should consider a variety of factors, including "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony," and may consider as well "whether a continuance would effectively cure the prejudice."

*Academy Bank*, 116 F.4th at 783 (first quoting *Wegener*, 527 F.3d at 692, and then quoting *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013)).

### I.  Dr. Speck-Kern

Plaintiffs argue the Court should strike Dr. Speck-Kern as an expert witness because: (a) Dr. Speck-Kern did not send the raw data from her Rule 35 examination of Mr. Green to Mr. Green's neuropsychologist until the day *Daubert* motions were due, violating Rule 26(a)(2)(B)(ii); and (b) Defendant failed to disclose a deposition given by Dr. Speck-Kern in the last four years, violating Rule 26(a)(2)(B)(v).

Defendant filed an affidavit by Dr. Speck-Kern explaining these two lapses. *See* Doc. 68-1. The affidavit sets forth that Dr. Speck-Kern's failure to timely transfer the raw data to Mr. Green's neuropsychologist was the result of a series of increasingly unfortunate events. Plaintiffs' counsel requested the raw data from defense counsel on February 7, the day after the Rule 35 examination, and defense counsel forwarded that request on to Dr. Speck-Kern three days later. At that point, the raw data had not been compiled, and, unfortunately, Dr. Speck-Kern overlooked the emailed attachment that contained Plaintiffs' request. Thus, the request went unanswered. (Doc. 68-1, p. 11).

Two months later—and approximately six weeks after the full disclosure deadline—on April 11, Plaintiffs' counsel contacted Defense counsel to explain that Mr. Green's neuropsychologist never received the raw data and to renew his request. (Doc. 58-4, p. 1). Defense counsel forwarded this second request to Dr. Speck-Kern on April 14. (Doc. 68-1, p. 3). At this time, Dr. Speck-Kern and her assistant (the only other person in her practice) experienced multiple familial illnesses and deaths, including Dr. Speck-Kern's mother, who was admitted to the ICU on April 13 and passed away April 25, and her assistant's grandmother and aunt, who were both admitted to hospice and passed away early-to-mid April. (Doc. 68-1, p. 3). Understandably, defense counsel's April 14 request was not seen by Dr. Speck-Kern or her assistant during this time. (Doc. 68-1, pp. 3–4). On May 5—the first day Dr. Speck-Kern and her assistant were both back in the office and the day *Daubert* motions were due—Dr. Speck-Kern forwarded the raw data to Mr. Green's neuropsychologist. *See id.* at p. 4.

Regarding Dr. Speck-Kern's failure to disclose a prior deposition, she explains in her affidavit that, at the time she was retained and disclosed in this case, she did not

recall any testimony she had given in the last four years. (Doc. 68-1, p. 2). It was not until she reviewed Plaintiffs' Motion to Strike and saw the attached portions of the testimony that she recalled the deposition. *Id.* She further confirms that there is no other instance in which she was deposed or testified at trial. *Id.*

Defendant makes several arguments as to why these failures have not harmed Plaintiffs. To start, the disclosures have now been made and can serve as the basis for vigorous cross-examination. (Doc. 68, p. 4). Defendant also notes that Mr. Green's neuropsychologist is not designated as an expert witness in this case and, therefore, could not have prepared any report based upon the raw data. *Id.* Further, although the raw data was delayed, Dr. Speck-Kern's full report was disclosed by late February, and Plaintiffs' expert provided no supplemental or rebuttal opinion. *Id.* Additionally, the Court notes that trial has already been continued from July to late September due to scheduling conflicts, providing the parties even more time to remediate any potential harm.

The Court agrees with Defendant that striking Dr. Speck-Kern—"a harsh penalty" which "should be used sparingly," *Wegener*, 527 F.3d at 692—under these circumstances would be extreme, and it declines to do so here. Nevertheless, to the extent Plaintiffs feel they were thwarted by these lapses, they may seek leave to supplement their pending motion to exclude Dr. Speck-Kern's testimony (Doc. 60) **within ten (10) days** from the issuance of this Order.

## II.  Dr. Marini

Plaintiffs also move to strike Dr. Irmo Marini as an expert on the basis that Dr. Marini failed to disclose a list of all other cases in which he has been deposed or testified in the last four years under Rule 26(a)(2)(B)(v). Dr. Marini provided a list of all cases in

which he has been retained—approximately seventeen pages long, mostly single spaced—in which he includes his client's name, the type of opinion given, the attorney's name, and the location. *See* Doc. 62-1. Plaintiffs argue that it does not denote which cases he offered testimony in, but Defendant points out that Dr. Marini includes a "d" or "t" at the end of the client information for each case in which he testified. For example:

<u>**2023 Retained Cases**</u> – <u>**Plaintiff** – **12**</u>

Jason Muniz (VE – Chris Ferraro, Austin, TX)
Antonio Garcia (VE – Chris Ferraro, Austin, TX)
Jose Gonzalez (VE – Chris Ferraro, Austin, TX)
Carlos Aguirre (VE – Cecelia Garza, Edinburg TX)
Juan Ibarra (VE/LCP – Efrain Carrera, McAllen TX)
Shurale Harrison (VE – Marissa Maggio, Dallas TX)
Lupe Acozar (LCP – Ed Stapleton, Brownsville, TX) t
Gilberto Garcia (VE/LCP – Reymundo Valdez, McAllen TX)
Cristobal Lopez (VE – attorney De La Garza, Edinburg TX) d
Liberto Cantu (VE – attorney De La Garza, Edinburg) d
Jody Cloud (VE – attorney Gabrielle Rupert – Dugas Law firm, Beaumont Texas)
Janice Cloud (VE – attorney Gabrielle Rupert – Dugas Law firm, Beaumont Texas)

*See* Doc. 62-1, p. 14 (highlight added).

Plaintiffs cite various out-of-circuit courts for the proposition that Rule 26(a)(2)(B)(v) requires the parties' names, case number, court, and whether the testimony was by trial or deposition. *See* Doc. 59, p. 6. There is no binding precedent on this matter, and "courts in this Circuit have not necessarily required such rigorous case data from experts, although this Court agrees that the sort of information required is largely 'a matter of common sense.'" *Purcell v. Allied Prop. & Cas. Ins. Co.*, 2014 WL 12781223, at *4 (E.D. Mo. Mar. 12, 2014) (quoting *Westfield Ins. Co. v. Robinson Outdoors, Inc.*, 2011 WL 2490598, at *2–3 (D. Minn. May 27, 2011), *report and recommendation adopted*, 2011 WL 2471737 (D. Minn. June 22, 2011)); *see also Holloway v. Ameristar Casino St. Charles, Inc.*, 2009 WL 5169535, at *3 (E.D. Mo. Dec. 18, 2009) (noting there was

sufficient time before trial to cure the nondisclosure under (a)(2)(B)(v) and ordering the list to include the court's name, the parties' names, the docket number, the state, and whether it was trial or deposition testimony).

In keeping with other courts in this Circuit, "[t]he Court is unwilling to exact the harsh sanction of striking" Dr. Marini. *Purcell*, 2014 WL 12781223, at *4 (citations omitted). Rather, the Court orders Defendant to supplement Dr. Marini's disclosures **within fourteen (14) days** with any information he or Defendant has for cases in the last four years regarding: the parties' names, the case number, the name and location of the court, and whether he provided deposition or trial testimony.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Motions to Strike (Docs. 58 & 62) are **DENIED**. Plaintiffs may seek leave to supplement their *Daubert* motion for Dr. Speck-Kern, provided they file such motion **within ten (10) days**. Additionally, Defendant is **ORDERED** to supplement Dr. Marini's disclosures **within fourteen (14) days**.

**IT IS SO ORDERED** on this 3rd day of July, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE